UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:21-cv-00080 ) |
| FITZMARK, INC. and JUST PLAY, LLC | ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Travelers Property Casualty Company of America, by counsel, for its Complaint for Declaratory Judgment against Defendants, Fitzmark, Inc. and Just Play, LLC, states:

### I.   INTRODUCTION AND THE PARTIES

1. This is an action for declaratory judgment, under 28 U.S.C. § 2201, to determine the rights and duties of the parties under an insurance contract.

2. Travelers Property Casualty Company of America is a citizen of Connecticut because it is a company incorporated under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

3. Fitzmark, Inc. is a citizen of Indiana because it is a company incorporated under the laws of Indiana with its principal place of business in Indianapolis, Indiana.

4. Just Play, LLC is a citizen of Delaware and Florida because it is a limited liability company organized under the laws of Delaware with its principal place of business in Boca Raton, Florida, and its three members—Lawrence Geller, Charlie Emby, and Geoffrey Greenburg—are citizens of Florida.

## II.   JURISDICTION

5. Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this case because Travelers is a citizen of a different state from Fitzmark and Just Play, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   VENUE

6. Under 28 U.S.C. § 1391(b)(3), venue is proper in this Court because Fitzmark has its principal place of business in Indianapolis, Indiana, and is thus subject to this Court's personal jurisdiction in this action.

## IV.   FACTUAL ALLEGATIONS

### A. The Underlying Suit

7. On March 3, 2020, Just Play filed a lawsuit against Fitzmark in the Circuit Court of the Fifteenth Judicial Court in and for Palm Beach County, Florida, under cause number 502020CA002358XXXXMB (the "Underlying Suit").  On April 21, 2020, Fitzmark removed the Underlying Suit to the United States District Court for the Southern District of Florida, where it is currently pending under cause number 9:20-cv-80663-AMC. A copy of the Complaint filed in the Underlying Suit is attached as Exhibit A.

8. The basis of the Underlying Suit is summarized at the beginning of the "Factual Allegations" section in the Complaint, which spans 106 paragraphs:

> 8. Just Play is a leading manufacturer of popular children's toys. FitzMark provides warehousing services - in short, FitzMark warehouses and manages products for customers. Just Play hired FitzMark to provide warehousing services for its products, but FitzMark failed to perform pursuant to the parties' agreement. FitzMark's failures caused Just Play significant damages.

(Ex. A, ¶ 8).

9. According to the Complaint, Just Play hired Fitzmark to provide the following warehousing services for Just Play, LLC's products at Fitzmark's warehouse in Carson, California:

   a. Maintain Electronic Data Interchange ("EDI") file exchange capabilities;

   b. Provide UCC-128 carton labels;

   c. Generate packing lists and bills of lading;

   d. Provide order management services, including online portal visibility and order tracking, end-of-day on hand inventory reports, and EDI Advance Ship Notice ("ASN") to be sent at the time of shipping to Just Play, LLC's customers; and

   e. Maintain Just Play, LLC's products directly on the warehouse floor, and not in overhead racks that require more time to retrieve, so the products could be shipped quickly to Just Play, LLC's customers.

(Ex. A, ¶ 86).

10. The Complaint alleges that Fitzmark failed to provide the services outlined in its agreement with Just Play. (Ex. A, ¶¶ 50-70). Consequently, Just Play fell behind on fulfilling orders of customers and sustained damages, including chargebacks, late fees, lost future orders, and harm to its business relationships. (*Id.* ¶¶ 79-84).

11. Based on the allegations asserted in the 106-paragraph Complaint, Just Play asserts claims against Fitzmark for breach of contract, promissory estoppel, and unjust enrichment, and Just Play seeks to recover compensatory and consequential damages, lost profits, pre-judgment and post-judgment interest, and attorney fees and costs. (*See generally* Ex. A).

   **B. The Policy**

12. For a time, including October 1, 2018, to October 1, 2019, Travelers Property Casualty Company of America issued a commercial insurance policy to Fitzmark under policy number QT-660-9H389065-TIL-18 (the "Policy"). A certified copy of the Policy is attached as Exhibit B.

13. The insuring agreement of the Cargo and Logistics Pak Coverage Form in the Policy states that Travelers will pay those sums that Fitzmark (as a motor carrier, warehouseman, freight forwarder, logistics service provider, or other bailee) becomes legally obligated to pay as damages for direct physical loss or damage to covered property caused by or resulting from a covered cause of loss:

> **CARGO AND LOGISTICS PAK**
> \*\*\*
> **A. COVERAGE**
> We will pay those sums you become legally obligated to pay as damages as a Motor Carrier, Warehouseman, Freight Forwarder, Logistics Service Provider or Other Bailee for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.
>
> 1. **Covered Property**, as used in this Coverage Form, means lawful property of others that you have accepted for transportation, including while temporarily stored or subject to your transportation related logistics services, and for which a Limit of Insurance is shown in the Declarations.
>
> \*\*\*
>
> 3. **Covered Causes of Loss**
> Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE from an external cause, except for those causes of loss listed in the Exclusions.

(Ex. B, p. 90: CM T2 08 01 11, p. 1 of 5).

14. The insuring agreement of the Cargo and Logistics Pak Coverage Form in the Policy also states that Travelers will defend Fitzmark against any suit to which the insurance coverage may apply:

> 4. **Additional Coverages**
>    A. **Duty to Defend**
>    We have the right and duty to defend you against any "suit". However, we will have no duty to defend you against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any occurrence and settle any claim or "suit" that may result. But:
>    (1) The amount we will pay for damages is limited as described in Section C – Limits of Insurance; and
>    (2) Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments or settlements.
>    No other obligation or liability to pay sums or perform acts or services is covered under the Supplementary Payments Additional Coverage.

(Ex. B, p. 90: CM T2 08 01 11, p. 1 of 5).

15.     The Cargo and Logistics Pak Coverage Form in the Policy excludes coverage for the following kinds of economic and/or intangible losses and damages:

> **B. EXCLUSIONS**
> \*\*\*
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>    a. Delay, loss of use, loss of market, loss of income or any other consequential loss.

(Ex. B, p. 92: CM T2 08 01 11, p. 3 of 5).

### C. Reservation of Rights

16.     On May 15, 2020, Just Play served its Amended Initial Disclosures in the Underlying Suit. Just Play's Amended Initial Disclosures are attached as Exhibit C.

17.     In its Amended Initial Disclosures, Just Play breaks down the alleged damages it seeks to recover from Fitzmark in the Underlying Suit:

| Category of Damages | Dollar Estimate of Damages |
| --- | --- |
| Damages suffered by Just Play due to Fitzmark, Inc.'s loss of and damage to Just Play's products | $45,000 |
| Damages in the form of fines and chargebacks assessed to Just Play by its customers or third-party vendors as a result of Fitzmark, Inc.'s actions | $5,000,000 |
| Damages sustained by Just Play, LLC in efforts to mitigate the damages caused by Fitzmark, Inc. | $1,500,000 |
| Damages in the form of lost profits caused by Fitzmark, Inc's actions | $3,250,000 |
| Damages in the form of harm to Just Play, LLC's business relationships with its customers | To be determined |

(Ex. C, p. 4).

18.     On June 30, 2020, Travelers sent Fitzmark a letter stating that Travelers would defend Fitzmark in the Underlying Suit under a complete reservation of rights under the Policy (the "Reservation of Rights"). The Reservation of Rights is attached as Exhibit D.

5

19. Travelers is defending Fitzmark in the Underlying Suit with independent counsel.

## V. DECLARATORY JUDGMENT

20. Travelers repeats the allegations in paragraphs 1 through 19.

WHEREFORE Travelers, by counsel, asks this Court to enter a declaratory judgment declaring that:

a. Travelers has a duty under the Policy to pay those sums that Fitzmark becomes legally obligated to pay as damages in the Underlying Suit for the direct physical loss of or damage to Just Play's products, to the extent those products are Covered Property under the Policy; and

b. Travelers has no duty under the Policy to pay any sums that Fitzmark becomes legally obligated to pay as damages in the Underlying Suit for loss or damage caused by delay, loss of use, loss of market, loss of income, or any other consequential loss, including fines and chargebacks, lost profits, costs of mitigation efforts, and economic harm to business relationships.

          Respectfully submitted,

          LEWIS WAGNER, LLP

BY:   /s/ *Michael R. Giordano*
       JOHN C. TRIMBLE, #1791-41
       MICHAEL R. GIORDANO, #31317-53
       *Counsel for Plaintiff, Travelers Property Casualty Company of America*

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
Telephone:   317-237-0500
jtrimble@lewiswagner.com
mgiordano@lewiswagner.com